Vincent A. Lupiano, J.
Plaintiffs move for a temporary injunction restraining the use by the defendant of its corporate name. The defendant cross-moves for summary judgment. Plaintiffs concede their names, by design, are not known to the public; that the business operations of the parties are wholly dissimilar; that plaintiffs are assignees of the accounts of retailers, without notification to the retailers’ customers; that plaintiffs deal with retailers in a single merchandising area, while defendant has entered several retail merchandising areas.
The defendant furnishes a credit service by the use of a “ Uni-Card Plan ” which enables the consumer to make a single payment to the defendant upon all purchases made from retail members in all merchandising areas encompassed by the plan. The common contact is with the retailers in the single area of retail merchandising serviced by both parties.
Plaintiffs’ reliance actually is upon the contention that “ universal ’ ’ and ‘ ‘ uni-serv ’ ’ are confusingly similar and that “ [i]f the purchaser of trade marked goods would be more likely to remember one part of a mark than another part as indicating origin of the goods, such word is the dominat part of the mark ’ ’ (Frankfort Distilleries v. Kasko Distillers Prods. Corp., 45 U. S. P. Q. 438, 440 [C. C. P. A.]). They contend that “ uni ” is the dominant aspect of the names here involved. There is no merit to that contention, “uni” is inseparable from “universal” and its dominant meaning is “unlimited” or “general”. “uni” is inseparable from “uni-serv”, and the dominant meaning thereof is a single unitary service.
*188 The motion of the plaintiffs for a temporary injunction is denied, and the cross motion of the defendant for summary judgment is granted.